SEDGWICK LLP
ROBERT F. HELFING   (Bar No. 90418)
*robert.helfing@sedgwicklaw.com*
CAROLINE H. MANKEY   (Bar No. 187302)
*caroline.mankey@sedgwicklaw.com*
ERICA R. GRAVES   (Bar No. 301785)
*erica.graves@sedgwicklaw.com*
801 South Figueroa Street, 19th Floor
Los Angeles, CA  90017-5556
Telephone:  (213) 426-6900
Facsimile:  (213) 426-6921

Attorneys for Plaintiffs
KCI Newport, Inc. and Kassir Import-Export Co., Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KCI NEWPORT, INC., a California corporation, and KASSIR IMPORT-EXPORT CO., INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BRANDS PRODUCTS DESIGN DEVELOPMENT AND MARKETING, INC., a California corporation, doing business as DR. BUTANE, and Z COFFEE INC.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1. INFRINGEMENT OF REGISTERED TRADEMARK;**<br><br>**2. FALSE DESIGNATION OF ORIGIN;**<br><br>**3. UNFAIR COMPETITION AND FALSE ADVERTISING;**<br><br>**4. COMMON LAW UNFAIR COMPETITION; AND**<br><br>**5. UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiffs KCI NEWPORT, INC. ("KCI Newport") and KASSIR IMPORT-

EXPORT CO., INC. ("Kassir") hereby complain against defendant UNITED BRANDS PRODUCT DESIGN DEVELOPMENT AND MARKETING, INC. doing business as United Brands Corporation California, Z Coffee Inc. and Dr. Butane ("United Brands"), and allege as follows:

## PARTIES

1. Plaintiffs Kassir and KCI Newport are California corporations with their principal places of business in Commerce, California.

2. Plaintiffs are informed and believe that Defendant United Brands is a California corporation with its principal place of business in San Francisco, California.

3. Plaintiffs are informed and believe that Defendants Does 1 through 5, inclusive, are manufacturers, suppliers, and/or vendors of butane products, and have manufactured, supplied, and/or sold, butane products that are improperly incorporating Plaintiffs' registered trademarks (as hereinafter described) without Plaintiffs' consent, or are otherwise liable for secondary trademark infringement. The true names, whether corporate, individual, or otherwise of Does 1 through 5, inclusive, are presently unknown to Plaintiffs and, therefore, these Does are being sued by fictitious names, and Plaintiffs will seek leave to amend this Complaint to include the true names and capacities when the same have been ascertained.

4. Plaintiffs are informed and believe that Defendants Does 6 through 10 are other parties not yet identified who have infringed Plaintiff's trademarks, have contributed to the infringement of Plaintiff's trademark, or have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise of Does 6 through 10, inclusive, are presently unknown to Plaintiffs and, therefore, these Does are being sued by fictitious names, and Plaintiffs will seek leave to amend this Complaint to include the true names and capacities when the same have been ascertained. United Brands and Does 1-10 are collectively referred to herein as "Defendants."

5. Plaintiffs are informed and believe that at all times relevant to this action, each of the Defendants was the agent, affiliate, officer, director, manager, member, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment, and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein with full knowledge of each and every violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims relating to trademark rights under 15 U.S.C. §§ 1114, 1121(a) and 1125(a), and 28 U.S.C. §§ 1331 and 1338, and 1367(a), which provide for supplemental jurisdiction over related state law claims.

7. This Court has jurisdiction over the Defendants and venue is properly laid in this district under 28 U.S.C. § 1391(b) and (c) in that all of the Defendants reside in and/or regularly transact business in this district, and a substantial part of the events giving rise to the claim occurred here.

## FACTUAL BACKGROUND

8. Kassir is a wholesaler and distributor of general merchandise including smoking supplies, operating that business since 1995.

9. Keen Private Label Limited ("Keen") is a United Kingdom company that has produced and sold butane gas for lighters under the trademark NEWPORT since the early 1960s. No later than 1968, Keen obtained a United Kingdom registration for a trademark that includes the word, NEWPORT.

10. Keen's packaging prominently features the word, NEWPORT, set within a distinctive red flame and blue rectangle device, and other distinctive graphic elements. Attached as Exhibit A is a copy of Keen's packaging for its NEWPORT butane lighter gas. Keen has also used the trademark, NEWPORT, the

red flame and blue rectangle device and other distinctive elements of its packaging for smoking accessories such as filters, lighter fluid, wicks, flints and pipe cleaners. Keen has used those trademarks, not only in the United Kingdom, but widely throughout the world.

11. In 2011, Keen granted Kassir the right to use NEWPORT, the red flame and blue rectangle device, and the other distinctive graphic elements of its packaging in the United States. Since no later than August 2011, Kassir has sold butane lighter gas in packaging bearing the words, NEWPORT ZERO, both alone and with a red flame and blue rectangle device, and the other distinctive graphic elements of Keen's packaging. Attached as Exhibit B is a copy of Kassir's packaging for butane lighter gas.

12. On January 23, 2013, Kassir filed an application in the United States Patent and Trademark Office to register a mark featuring the words, NEWPORT ZERO, the red flame and blue rectangle device and other graphic elements of its packaging. The application was approved and matured to registration on March 4, 2014, covering "cans containing butane gas" (Registration No. 4,492,372) (the "Registered Mark"). Attached as Exhibit C is a copy of the certificate of registration. In accordance with 15 U.S.C. §1057(b), the registration is prima facie evidence of the ownership and validity of the Registered Mark.

13. Plaintiff KCI Newport was formed on March 6, 2013. Under license from Kassir it has, since that date, distributed butane lighter gas under the Registered Mark, as well as under the unregistered word mark NEWPORT ZERO, and it has expended substantial time, money and resources marketing, advertising and promoting the butane lighter gas that it sells under its trademarks.

14. Defendants sell competing butane products under the "Whip-it!" brand, including the product called "North Sea Premium Butane." Plaintiffs recently discovered that Defendants are marketing their products by falsely claiming that the butane is free of impurities. Defendant's packaging, advertising and marketing for

this product falsely states that it is the "world's purest butane" and, further, that the product is "butane with no impurities" and/or that it contains "zero impurities."

15. Plaintiffs are informed and believe, and thereon allege that Defendants make these false claims on www.ebay.com under the business name Z Coffee Inc., on www.amazon.com under the business name Dr. Butane, and on www.drbutane.com.

16. Plaintiffs are informed and believe, and thereon allege that Defendants have been using Plaintiffs' trademarks in connection with the sale of "North Sea Premium Butane" on www.ebay.com. Defendants have been, and continue to use the unregistered trademark "Newport," and "Zero," and/or images of Plaintiffs' Registered Mark in connection with the sale of Defendants' products.

17. Plaintiffs are informed and believe that Defendants are selling their products with knowledge of Plaintiffs' trademarks and that they make such use with the intention to capitalize upon the goodwill established by Plaintiffs in those designations of origin.

18. Plaintiffs have not consented to Defendants use of the Registered Mark and the trademark, "Newport Zero" in connection with the sale of Defendants' butane products.

19. Plaintiffs notified Defendants that their use of Defendants' trademarks was unlawful and requested that Defendants cease their infringement. Despite this notice and request, Defendants continue to infringe Plaintiffs' trademarks.

**FIRST CLAIM FOR RELIEF**

(Infringement of Registered Trademark under 15 U.S.C. § 1114)

20. Plaintiffs incorporate the allegations of each foregoing paragraph as though fully set forth herein.

21. Defendants are impermissibly using the Registered Mark in commerce in connection with the sale of their product "North Sea Premium Butane."

22. Defendants never sought or received Plaintiffs' authorization to use the

Registered Mark in connection with their sales of "North Sea Premium Butane."

23. Defendants' infringement of the Registered Mark is likely to cause and/or has actually caused confusion in the marketplace by creating the false and mistaken impression that Defendants' products are affiliated, connected or associated with Plaintiffs, or that they originate with, or are sponsored or approved by Plaintiffs.

24. Defendants' use of the Registered Mark has caused and, if not enjoined, will continue to cause, irreparable and continuing harm to Plaintiffs in the diminution of value and goodwill of the Registered Mark, and in their impairment to serve as trademarks, for which Plaintiffs have no adequate legal remedy. Accordingly, Plaintiffs are entitled to provisional, preliminary and permanent injunctive relief to compel cessation of all infringing and otherwise harmful conduct.

25. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have been and will continue to be damaged by, without limitation, loss of profit, and diminution in the value of the Registered Mark and in its reputation and goodwill, in an amount to be proven at trial.

26. Defendants' wrongful use of the Registered Mark was and continues to be knowing, deliberate, willful, fraudulent, and without extenuating circumstances. Plaintiffs are therefore entitled to recover three times the amount of their actual damages and attorney's fees and costs incurred in this action, as well as Defendants' profits from the sale of infringing goods.

## SECOND CLAIM FOR RELIEF

(False Designation of Origin Under 15 U.S.C. § 1125(a))

27. Plaintiffs incorporate the allegations of each foregoing paragraph as though fully set forth herein.

28. The trademark, NEWPORT ZERO, is distinctive of goods and services originating with Plaintiffs. The Defendants' unauthorized use of the words

"Newport" and/or "Zero" in connection with the advertising and sale of their product is likely to cause and, on information and belief, has actually caused confusion in the marketplace by creating the false and mistaken impression that Defendants' goods are affiliated, connected or associated with Plaintiffs, or that they originate with, or are sponsored or approved by Plaintiffs.

29. Defendants' use of the words "Newport" and/or "Zero" has caused and, if not enjoined, will continue to cause, irreparable and continuing harm to Plaintiffs in the diminution of their value and goodwill as trademarks, and in their impairment to serve as a trademarks, for which Plaintiffs have no adequate legal remedy. Accordingly, Plaintiffs are entitled to provisional, preliminary and permanent injunctive relief to compel cessation of all infringing and otherwise harmful conduct.

30. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have been and will continue to be damaged by, without limitation, lost sales and diminution in the value of NEWPORT ZERO mark and in its reputation and goodwill, in an amount to be proven at trial.

31. Defendants' wrongful use of "Newport" and/or "Zero" is knowing, deliberate, willful, fraudulent, and without extenuating circumstances. Plaintiffs are therefore entitled to recover three times the amount of their actual damages and attorney's fees and costs incurred in this action, as well as Defendants' profits from the sale of infringing goods.

**THIRD CLAIM FOR RELIEF**

(Unfair Competition and False Advertising Under 15 U.S.C. § 1125(a))

32. Plaintiffs incorporate the allegations of each foregoing paragraph as though fully set forth herein.

33. Defendants have used in commercial advertising or promotion of their product "North Sea Premium Butane" provably false statements of fact that the product contains "butane with no impurities" and/or that it contains "zero

impurities."

34. Defendants knew or should have known that their statements were false or likely to mislead consumers.

35. These false statements of fact are likely to cause and/or have actually caused confusion in the marketplace by creating the false and mistaken impression that Defendants' products are butane products that are completely free of impurities.

36. The confusion caused by Defendants' false representation of fact is likely to influence the consumer's purchasing decision.

37. As an actual and proximate result of Defendants' willful and intentional actions, Plaintiffs have suffered competitive or commercial injury in an amount to be determined at trial.

38. Defendants' use of false statements is knowing, deliberate, willful, fraudulent, and without extenuating circumstances. Plaintiffs are therefore entitled to recover three times the amount of their actual damages and attorney's fees and costs incurred in this action, as well as Defendants' profits from the sale of infringing goods.

## FOURTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

39. Plaintiffs incorporate the allegations of each foregoing paragraph as though fully set forth herein.

40. Defendants' use of the Plaintiffs' trademarks in connection with the advertising and sale of their own products has the effect of passing off their products as goods produced or authorized by Plaintiffs.

41. Defendants' use of false or misleading statements further has the effect of deceiving the public as to the chemical content of its goods, and that their product is Butane that is free from impurities, and is therefore likely to influence consumers' decision to purchase their products.

42. Defendants' misconduct constitutes unfair competition in that it offends

established public policy and is immoral, unethical, oppressive, unscrupulous and injurious to consumers.

43. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have been and will continue to be damaged by, without limitation, loss of profit, and diminution in the value of Plaintiffs' trademarks and in their reputation and goodwill, in an amount to be proven at trial.

44. The acts of unfair competition alleged herein were committed with oppression, fraud and malice. Specifically, Defendants used Plaintiffs' trademarks with knowledge that Plaintiffs own the exclusive right to such use and after Plaintiffs requested that they cease their infringement. Defendants' continuing use of the trademarks was unauthorized and caused consumer confusion, resulting in continuing injury to Plaintiffs. In addition, Defendants made false representation of fact with knowledge that the statements were untrue.

45. Plaintiffs request the imposition of exemplary damages pursuant to California Civil Code § 3294.

## FIFTH CLAIM FOR RELIEF

(Violation of California Business & Professions Code § 17200, *et seq*.)

46. Plaintiffs incorporate the allegations of each foregoing paragraph as though fully set forth herein.

47. Defendants' unauthorized use of Defendants' trademarks and Defendants' use of false representations of fact likely to deceive the public constitutes unlawful, unfair or fraudulent business acts or practices within the meaning of California Business & Professions Code § 17200.

48. Defendants' wrongful conduct has caused and, if not enjoined, will continue to cause irreparable and continuing harm to Plaintiffs, for which they have no adequate legal remedy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs KCI NEWPORT, INC. and KASSIR IMPORT-

9

EXPORT CO., INC. pray for relief as follows:

1. The damages sustained by Plaintiffs, and Defendants' profits;

2. Up to three times the damages sustained by Plaintiffs and three times the Defendants' profits;

3. Exemplary damages;

4. Injunctive relief prohibiting Defendants from any future unauthorized use of the infringing marks or any false representation of fact;

5. Plaintiffs' costs in this action and reasonable attorney's fees and expenses;

6. For such additional and further relief as this Court deems just and proper.

Dated: December 17, 2015    SEDGWICK LLP

By: */s/ Robert F. Helfing*
    Robert F. Helfing
    Caroline H. Mankey
    Erica R. Graves
    Attorneys for Plaintiffs
    KCI NEWPORT. INC. and KASSIR IMPORT-EXPORT CO., INC.

## DEMAND FOR JURY TRIAL

Plaintiffs KCI Newport, Inc. and Kassir Import-Export Co., Inc., hereby demand a trial by jury on all issues triable by jury.

Dated: December 17, 2015         SEDGWICK LLP

By: */s/ Robert F. Helfing*
    Robert F. Helfing
    Caroline H. Mankey
    Erica R. Graves
    Attorneys for Plaintiffs
    KCI NEWPORT. INC. and KASSIR IMPORT-EXPORT CO., INC.

82274695v1

11